United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELINDA COSBY, et al., | | No. C- 97-0267 MHP |
| Plaintiffs, | | |
| vs. | | **MEMORANDUM AND ORDER** |
| CITY OF OAKLAND, et al., | | |
| Defendants. | | |

ENTERED IN CIVIL DOCKET    NOV 0 4 1997

Plaintiffs Melinda Cosby and others brought this action against defendants City of Oakland, ("Oakland"), City of Pleasanton ("Pleasanton") and individual city officials alleging violation of federal civil rights, wrongful death and negligence pursuant to Title 42 of the United States Code sections 1981, 1983 and 1988 and the First, Second, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

Defendants Oakland and Pleasanton each filed a motion to dismiss certain causes of action and/or certain plaintiffs on various grounds. Now before the court are defendants' motions to dismiss.

BACKGROUND[1]

Plaintiffs' claims arise out of an alleged use of excessive force by members of the Oakland and Pleasanton police forces. On January 4, 1994 at about 7:30 A.M., a joint police force surrounded the home of Nathan Roy Cosby in order to execute a search warrant on the home in

COPIES MAILED TO
PARTIES OF RECORD

United States District Court

For the Northern District of California

1  connection with a credit card/mail fraud investigation. Cosby--who was not a suspect in the

2  investigation--was asleep at the time, home alone with his dogs. Cosby awoke to his dogs' barking

3  and went to a kitchen window inside his home, presumably to investigate the cause of their reaction.

4  It is not clear at what point in the operation Cosby was awakened, whether he heard the police

5  announce their presence and purpose, or whether he knew that police officers were on the premises.

6  From a position outside the home, Oakland Police Officer Eric Belker fatally shot Cosby in the back

7  of the head while Cosby stood at the kitchen window. The parties dispute whether Cosby had a gun

8  in his hand at the time Belker shot him. They also dispute whether Belker acted "in defense of his

9  life or the lives of others when all other means have failed," as is required for use of deadly force

10  pursuant to Oakland police department policy.

11  On December 19, 1994 plaintiffs first counsel filed a lawsuit in Alameda County Superior

12  Court. Plaintiffs alleged only state causes of action. Defendants removed the case to federal court,

13  apparently based upon a typographical error,[2] even though the complaint did not allege federal

14  claims. In a stipulation to amend and remand the complaint, the plaintiffs asked to remove the

15  typographical error and reiterated that the complaint did not state a federal cause of action. The

16  court remanded the action on June 14, 1994. Oakland allowed plaintiffs an open extension to file a

17  first amended complaint, purportedly due to the mistaken removal, the complexity of issues and the

18  number of plaintiffs.

19  In February 1996, Alameda County Court held a case management conference, at which time

20  plaintiffs' counsel filed a motion to withdraw. On July 26, 1996 the court granted plaintiffs'

21  counsel's motion. In November 1996 plaintiffs retained present counsel, who filed a first amended

22  complaint adding federal causes of action on January 3, 1997. On January 24, 1997 Oakland

23  removed the action to this court.

24

25  LEGAL STANDARD

26  A motion to dismiss for failure to state a claim will be denied unless it appears that the

27  plaintiff can prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355

28  2

United States District Court

For the Northern District of California

1  U.S. 41, 45-46 (1957);  Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792

2  F.2d 1432, 1435 (9th Cir.1986), cert. denied, 479 U.S. 1064 (1987).  All material allegations in the

3  complaint will be taken as true and construed in the light most favorable to the plaintiff.  NL

4  Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986).  Although the court is generally

5  confined to consideration of the allegations in the pleadings, when the complaint is accompanied by

6  attached documents, such documents are deemed part of the complaint and may be considered in

7  evaluating the merits of the motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th

8  Cir.1987), cert. denied sub. nom. Wyoming Community Dev. Auth. v. Durning, 484 U.S. 944

9  (1987).

10

11  DISCUSSION

12        Both Pleasanton and Oakland move to dismiss certain claims and/or parties from this action.

13  Each ground for dismissal will be considered in turn.

14

15  1. Pleasanton: Failure to timely serve under federal rules

16        Pleasanton asserts that the court must grant a dismissal pursuant to Federal Rule of Civil

17  Procedure 41(b) for plaintiffs' failure to serve defendant within 120 days of filing the complaint, as

18  required by Federal Rule of Civil Procedure 4(m).  FED. R. CIV. P. 4(m).

19        Rule 4(m) provides that if service of process is not accomplished within 120 days of the

20  filing of the complaint, the district court "shall dismiss the action without prejudice . . . or direct that

21  service be effected within a specified time; provided that if the plaintiff shows good cause for the

22  failure, the court shall extend the time for service for an appropriate period."  Id.  Thus, Rule 4(m)

23  mandates an extension of time if good cause is shown, and "authorizes the court to relieve a plaintiff

24  of the consequences of an application of this subdivision even if there is no good cause shown."

25  Advisory Committee's Note to 1993 Amendments, FED. R. CIV. P. 4; see Vinegar v. U.S. Marshalls

26  Service, 1996 WL 227860, 3-4 (S.D.Cal.1996);  Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530

27  (N.D.Cal.1995);  accord Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3rd Cir.1995);

28                                                                3

1 | Adams v. Allied Signal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir.1996); Espinoza v.

2 | United States, 52 F.d. 838, 840 (10th Cir.1995), cert. denied, 117 S.Ct. 1449 (1997).[3]

3 |       Given that an extension of time for service is mandatory if good cause is shown, the first

4 | analytical step under Rule 4(m) is to determine whether good cause exists for plaintiffs' failure to

5 | timely effect service. Vinegar, 1996 WL 227860 at 4 (citing Petrucelli, 46 F.3d at 1305; Espinoza,

6 | 52 F.3d at 841). The good cause exception applies only in limited circumstances, and the mere

7 | claim that plaintiff was confused about the requirements of service will not constitute good cause.

8 | Id. at 4-5. Here, plaintiffs state that the process for service of a removed complaint is confusing, the

9 | removal by defendants was improper, and the federal rules should not take effect until after an action

10 | has been removed. However, misunderstanding of state or federal procedural rules does not amount

11 | to good cause. Id. at 6. Further, while some delay may be attributed to Oakland's removal, it is

12 | insufficient to amount to good cause for the subsequent failure by plaintiffs to attempt to serve

13 | Pleasanton. Thus plaintiffs do not show that they had good cause for their failure to timely serve

14 | defendant Pleasanton. See id. at 4-6.

15 |       Absent a showing of good cause, the question remains as to the circumstances under which

16 | the discretionary authority to grant an extension should be exercised. Id. at 6. The advisory

17 | committee's note attempts to shed some light on this issue: "Relief may be justified, for example, if

18 | the applicable statute of limitations would bar the refiled action, or if the defendant is evading

19 | service . . . ." Advisory Committee's Note to 1993 Amendments, FED. R. CIV. P. 4.[4] Here, dismissal

20 | would bar many of plaintiffs' claims since there is a one-year limitations period in California for

21 | filing constitutional claims in federal court brought pursuant to 42 U.S.C. section 1983. See Tyson,

22 | 159 F.R.D. at 528 (citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1462 (9th Cir.1988),

23 | vacated on other grounds, 490 U.S. 1087 (1989), reinstated, 886 F.2d 235 (9th Cir.1989), cert.

24 | denied, 494 U.S. 1091 (1990)) (granting extension where limitations period had run on section 1983

25 | claims). Nonetheless, plaintiffs fail to show that they even made a good faith effort to serve

26 | Pleasanton, within the time allotted or thereafter. Because plaintiffs do not offer any reasonable

27 | explanation for this failure, the court declines to give plaintiffs a discretionary extension of time and

28 |

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  dismisses Pleasanton pursuant to Rule 4(m).

2

3  2. Pleasanton: Untimely service and delay in prosecution under state rules

4      Next, Pleasanton moves for dismissal of plaintiffs' state law claims for failure to serve the

5  complaint within two years of the filing of the original complaint.  California Code of Civil

6  Procedure section 583.410 provides that the court "may in its discretion dismiss an action for delay

7  in prosecution pursuant to this article . . . if to do so appears to the court appropriate under the

8  circumstances."  CAL. CODE CIV. P. § 583.410.  Section 583.420(a) provides that the court may

9  dismiss an action if service is not made within two years of filing the complaint.  Id. at

10  § 583.420(a).  Section 525.410(b) provides that dismissal pursuant to section 585.420(a) must be

11  made in accordance with the criteria prescribed in Rule 373(e) of the California Rules of Court,

12  which enumerates factors to be considered by the court.  Id. at § 583.410(b)

13      Factors to consider under Rule 373(e) include the availability of parties for service;  diligence

14  in seeking to effect service;  extent to which parties engaged in settlement negotiations or

15  discussions;  diligence in pursuing discovery or other pretrial proceedings;  the nature and

16  complexity of the case;  applicable law and pendency of similar litigation determinative of legal or

17  factual issues in the case;  nature of any extensions of time or other delay attributable to either party;

18  the court's calendar and availability on an earlier date if the matter was ready for trial;  and any other

19  considerations relevant to a fair determination of the issue.  CAL. R. CT. 373(e) (West 1996).  Here,

20  plaintiffs were not diligent in seeking to effect service, nor was plaintiffs' delay attributable to

21  settlement negotiations or other acts by Pleasanton.  Further, the legal issues in this case are not

22  particularly complex, nor are they affected by the pendency of similar litigation.  Pleasanton, on the

23  other hand, was available for service at all times.

24      In order to avoid dismissal, "plaintiffs must generally make 'some showing of excusable

25  delay.'"  Oskooi v. Fountain Valley Regional Hospital and Medical Center, 42 Cal.App.4th 233 (5th

26  Dis.1995), rev. denied (April 25, 1996) (quoting Howard v. Thrifty Drug & Discount Stores, 10

27  Cal.4th 424, 440-441 (1995)); see also Salas v. Sears, Roebuck & Co., 42 Cal.3d 342, 347 (1986)

28                                      5

United States District Court

For the Northern District of California

1  (stating that "[a]lthough the interests of justice weigh heavily against disposing of litigation on

2  procedural grounds . . . that policy will necessarily prevail only if a plaintiff makes some showing of

3  excusable delay"); but see Ladd v. Dart Equipment Corp, 230 Cal.App.3d 1088, 1105-06 (1991)

4  (finding that the court has the discretion to deny a motion to dismiss even in the absence of diligence

5  in prosecution).

6          Here, plaintiffs offer several excuses for their delay, including (1) the improper removal of

7  the action to federal court, the ensuing delays and confusion, and the efforts to work out a stipulation

8  to get the action remanded;  (2) the substitution of attorney;  and, (3) the complex nature of the case,

9  which involves multiple parties, standing issues, immunity issues and critical factual issues.

10  However, none of these excuses can justify plaintiffs' failure to make a good faith effort to serve

11  Pleasanton for over two years since the complaint was filed.  Plaintiffs have failed to come forth

12  with any legitimate excuses for their delay.  For these reasons, the court grants Pleasanton's motion

13  for dismissal pursuant to section 583.420(a).

14

15  3. Pleasanton: State claims filing requirements

16          Pleasanton asserts that the failure of Robert Cosby and Alphonso Ray Cosby to file claims

17  with Pleasanton as required by California Government Code section 945.4 precludes them from

18  seeking relief in court on their fourth and fifth causes of action.  Plaintiffs do not dispute this

19  assertion.  Compliance with the claims filing statute is a mandatory prerequisite to the maintenance

20  of a state cause of action, and noncompliance is fatal to the cause of action.  Karim-Panahi v. Los

21  Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988).  Thus, the court dismisses these state

22  claims.

23

24  4. Oakland: Running of statute of limitations on section 1983 claims

25          Oakland asserts that plaintiffs' claims are time-barred under the one-year statute of

26  limitations in California for filing constitutional claims in federal court brought pursuant to 42 U.S.C

27  section 1983.  The acts upon which the claims are predicated occurred on January 6, 1994, and

28                                                      6

1  Oakland asserts that plaintiffs' section 1983 claims do not "relate back" to their original complaint,

2  which was filed on December 19, 1994.

3       Even when a statute of limitations has run, a complaint can generally be amended against

4  existing defendants if the claims asserted in the amended pleading "arise out of" the "conduct,

5  transaction or occurrence" pleaded in the original complaint. FED. R. CIV. P. 15(c)(2); Martell v.

6  Trilogy, Ltd., 872 F.2d 322, 325 (9th Cir.1989).  The rule in California is that "an amended

7  complaint relates back to the filing of the original complaint and thus avoids the bar of the statute of

8  limitations, so long as recovery is sought in both pleadings on the same general set of facts."  Idding

9  v. North Bay Construction Co., Inc., 39 Cal.App.4th 1111 (1995), rev. denied (Jan. 18 1996) (citing

10  Austin v. Massachusetts Bonding & Insurance Co., 56 Cal.2d 596 (1961) and Smeltzley v.

11  Nicholson Mfg. Co., 18 Cal.3d 932 (1977)).  Put another way, the inquiry is whether the opposing

12  party was put on notice by the original pleading of the nature of the claim raised in the amended

13  pleading.  See SEC v. Seaboard Corp., 677 F.2d 1301, 1314 (9th Cir.1982).

14       Here, it is clear that plaintiffs' section 1983 claims arise out of the same occurrence pleaded

15  in the first complaint.  It is also clear that the first complaint put Oakland on notice regarding the

16  nature of the present claim, as plaintiffs alleged violations of California Civil Code sections 51.7 and

17  52.1(b), statutes which mirror 42 U.S.C. section 1983.  Oakland presents no colorable argument

18  against application of the relation back doctrine in this action.[5]  Further, nowhere is it suggested that

19  defendants were misled to their detriment or prejudiced in defending the case by virtue of the timing

20  of the amendments.  See Idding, 39 Cal.App.4th at 1114.  Thus, this court finds that the relation back

21  doctrine applies and denies Oakland's motion to dismiss plaintiffs' section 1983 claims on statute of

22  limitation grounds.

23

24  5. Oakland: Vicarious assertion of section 1983 claims

25       Oakland asserts that plaintiffs' federal constitutional claims brought under 42 U.S.C. section

26  1983 should be dismissed because said rights are "personal" and cannot be vicariously asserted.

27  Oakland maintains that if any section 1983 cause of action survives, it should be limited to a

28                                                     7

United States District Court
For the Northern District of California

1 │ Fourteenth Amendment claim.[6]

2 │      Fourth Amendment rights are personal rights which may not be vicariously asserted. Smith

3 │ v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir.), cert. denied, 484 U.S. 935 (1987) (quoting

4 │ Alderman v. United States, 394 U.S. 165, 174 (1969)). However, pursuant to 8 U.S.C. section 1988

5 │ and California's survival statute, Nathan Cosby's Fourth Amendment claim survives his death and

6 │ may be asserted by the administratrix of his estate, Melinda Cosby. See id. at 1416-17. Thus, the

7 │ court dismisses all Fourth Amendment-based claims made by parties other than Melinda Cosby in

8 │ her capacity as administratrix.

9 │      The First, Second and Fifth Amendment-based claims will be dismissed in their entirety for

10 │ the following reasons. First, except insofar as a First Amendment right to intimate association is

11 │ relevant to family members' substantive due process claims, the First Amendment-based claims

12 │ must be dismissed as the complaint alleges no actions by the cities or their agents that could

13 │ implicate First Amendment concerns. See id. at 1424. Second, the court finds no precedent

14 │ supporting a cause of action for violation of Second Amendment rights in this context, and plaintiff

15 │ cites no such case law; thus, these claims are dismissed. Lastly, because Fifth Amendment claims

16 │ must rest either on that Amendment's due process clause or its implicit equal protection clause, any

17 │ Fifth Amendment claim is merely duplicative of the Fourteenth Amendment claims and, thus, is

18 │ dismissed. See id.

19 │

20 │ 6. Oakland: Improper parties to section 1983 claims

21 │      Oakland asserts that decedent's siblings Robert and Alphonso Ray are not proper parties to

22 │ any section 1983 claim. Siblings lack a due process interest in the decedent's companionship and,

23 │ therefore, are improper parties. Ward v. City of San Jose, 967 F.2d 280, 283-4 (9th Cir.1991) as

24 │ amended on denial of reh'g (June 16, 1992). These claims are dismissed.

25 │      Oakland also asserts that the deceased's minor child, Donita Drumgoole (Cosby), is not a

26 │ proper party because plaintiffs failed to allege that she resided with the deceased for six months or

27 │ depended on him for one half or more of her support prior to his death, as required to establish

28 │                                      8

United States District Court

For the Northern District of California

1   standing pursuant to California Code of Civil Procedure section 377.60. In response, plaintiffs point

2   to less specific allegations regarding length of stay and financial support and offer to cure any

3   defects in the pleadings on these issues. Because a plaintiff's pleadings should be liberally allowed

4   if they are not futile or pursued in bad faith, and because plaintiffs here have the burden of proving

5   length of stay and amount of support, the court will allow plaintiffs leave to cure these defects.

6

7   7. Oakland: Failure to name defendants Kocian and Samuels in their individual capacities

8           Oakland asserts that City Manager Kochian and Police Chief Samuels should be dismissed

9   from the section 1983 claims because they are not named in their individual capacities. However,

10  the cases cited by Oakland do not stand for this proposition. An official capacity suit generally

11  represents only another way of pleading an entity of which an officer is an agent, and in no way

12  precludes naming city officials to the suit. Rather, it simply means that any recovery will be against

13  the entity as opposed to the individuals in their personal capacity. See Kentucky v. Graham, 473

14  U.S. 159, 166 (1985) (stating that in an official capacity suit, death or replacement of the named

15  official will result in automatic substitution of the official's successor in office); Hill v. Shelander,

16  924 F.2d 1370, 1372 (7th Cir.1991). Thus Kochian and Samuels are proper parties.

17

18  8. Oakland: Failure of decedent's brothers to comply with claims filing statute

19          As stated above, compliance with the claims filing statute is a mandatory prerequisite to the

20  maintenance of a state cause of action, and noncompliance is fatal to the cause of action. Karim-

21  Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988). Plaintiffs offer no response

22  regarding the failure of Robert Cosby and Alphonso Ray Cosby to file claims with Oakland as

23  required by the claims filing statute. Thus, the court dismisses these state claims.

24

25

26  9. Oakland: Improper parties to state claims

27          Oakland asserts that decedent's mother Orlean Cosby and minor child Donita Drumgoole

28                                                    9

United States District Court

For the Northern District of California

1    (Cosby) are improper parties to the state claims because plaintiffs fail to allege the requisite facts to

2    establish standing based on financial dependence or length of residency pursuant to California Code

3    of Civil Procedure section 377.60.  As discussed above, the court grants plaintiffs leave to amend to

4    assert facts sufficient to state standing under section 377.60, if they can do so.

5

6    10.  Oakland: Inability of plaintiffs to make showing required for injunctive relief

7          Oakland, citing Nava v. City of Dublin, 121 F.3d 453 (9th Cir.1997), asserts that plaintiffs'

8    claims for injunctive relief should be dismissed because plaintiffs cannot show that there is a great

9    and immediate threat that they will suffer irreparable injury for which there will be an inadequate

10   remedy at law.  However, Nava explicitly states that California has interpreted the seminal case City

11   of Los Angeles v. Lyons, 461 U.S 95 (1983), to require no such showing at the pleading stage: "the

12   law of this circuit is that once a plaintiff establishes standing to seek damages, a court need not

13   undertake the separate inquiry for equitable relief so long as the damages and equitable claims are

14   predicated on the same operative facts and legal theories."  Nava, 121 F.3d at 456.  Here, plaintiffs

15   have standing to seek injunctive relief because they established standing to seek damages and they

16   are not required to demonstrate a likelihood of future injury at this stage in the proceedings.  See id.

17   Therefore, the court denies Oakland's motion to dismiss plaintiffs' claims for injunctive relief.

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28

United States District Court

For the Northern District of California

1 | CONCLUSION

2 |     For the foregoing reasons and as stated above, the court hereby GRANTS the City of

3 | Pleasanton defendants' motion to dismiss; GRANTS in part and DENIES in part the City of Oakland

4 | defendants' motion to dismiss. To the extent that leave to amend is given, the amended complaint

5 | shall be filed within thirty (30) days of the date of this order. The amended answer shall be filed

6 | within sixty (60) days of the date of this order.

7 |

8 |     IT IS SO ORDERED.

9 |

10 | Dated: Oct. 27, 1997

                                                              MARILYN HALL PATEL
11 |                                                           United States District Judge

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                                    11

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ENDNOTES

1.     Unless otherwise indicated, the following facts are taken from undisputed portions of plaintiffs' opposition to the motions to dismiss.

2.     Plaintiffs' original complaint did not allege any federal claims.  However, the following sentence fragment appears at page two, line five of the complaint: "Jurisdiction is conferred upon this Court by Title 28 U.S.C."  Apparently, Oakland sought removal based upon this sentence fragment. Plaintiffs' prior counsel explained in a declaration in opposition to removal that this sentence fragment was contained in a computerized standard pleading and was apparently overlooked when the pleading was edited for the plaintiffs' complaint.

3.     While previously dismissal was mandatory unless good cause for the delay was shown, pursuant to the 1993 Amendments to Federal Rule of Civil Procedure 4(m) the court is authorized to relieve plaintiffs of the consequence of untimely service even if there is no showing of good cause. FED. R. CIV. P. 4(m); see Advisory Committee Notes to 1993 Amendments to FED. R. CIV. P. 4.  Thus, cases such as West Coast Theater Corp. V. City of Portland, 897 F.2d 1519 (9th Cir.1990), cited by Pleasanton, "are of doubtful continuing validity in view of the [1993] changes to Rule(m) that provide the court with greater flexibility in evaluating the basis for ordering dismissal."  Schwarzer, Tashima & Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL at 5-51.

4.     Some courts have interpreted this to mean that the drafters intended to expand "good cause" under the rule to include the running of statutes of limitations.  See e.g., Tyson, 159 F.R.D. at 530. However, later courts have adopted the view that the running of a limitations period is merely an appropriate situation in which to grant a discretionary extension.  See Vinegar, 1996 WL 227860 at 6-7 (comparing the two interpretations).

5.     Oakland's assertion that plaintiffs should be estopped from raising section 1983 claims--because plaintiffs are attempting to "reinstate" claims which plaintiffs "forfeited" and "voluntarily dismissed"-- is without support in the record and appears quite disingenuous.  Plaintiffs never made section 1983 claims prior to the amended complaint; that is why the action was remanded previously.

        Since the court finds that the section 1983 claims relate back, it is not necessary to reach defendants' equitable tolling argument..

6.     It is undisputed that a deceased's spouse, parent or child may maintain a Fourteenth Amendment loss of companionship claim for termination of the parent-child relationship without due process of law. Smith v. City of Fontana, 818 F.2d 1411, 1417-20 (9th Cir.), cert. denied, 484 U.S. 935 (1987); see also Smoot v. City of Placentia, 950 F.Supp. 282 (C.D.Cal.1997).